UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SATCHIDANANDA MIMS,<br><br>    Plaintiff,<br><br>    v.<br><br>FEDEX CORPORATION, et al.,<br><br>    Defendants. | Case No. 25-cv-05722-JST<br><br>**ORDER DENYING RENEWED MOTION FOR TEMPORARY RESTRAINING ORDER**<br><br>Re: ECF No. 9 |

    Plaintiff Satchidananda Mims alleges that Defendants have violated the Employee Retirement Income Security Act of 1974 ("ERISA") because they have "failed to release the funds" he requested in a "hardship withdrawal request in the gross amount of $20,000 (net amount $17,000 after taxes) to prevent imminent eviction from his primary residence." ECF No. 1 ¶¶ 1–2, 4. On July 9, 2025, the Court denied Mims's ex parte motion for a temporary restraining order. ECF No. 8. On July 23, 2025, Mims filed a renewed ex parte motion for a temporary restraining order. ECF No. 9. The Court will deny the motion.

    In a "certificate of notice" signed on July 21, 2025, Mims states that he "will send" copies of the motion, supporting documents, and the complaint to Defendants FedEx Corporation and The Vanguard Group, Inc. on July 24, 2025. ECF No. 9 at 8–9. His statement of future intent, however, does not satisfy the requirement that a motion for a temporary restraining order be accompanied by a declaration "certifying that notice *has been* provided to the opposing party, or explaining why such notice could not be provided." Civil L.R. 65-1(a)(5) (emphasis added). Mims's motion is denied because he failed to demonstrate that he provided the required notice or was unable to do so.

    Mims's motion also fails on the merits. The same legal standard applies to a motion for a

1    temporary restraining order and a motion for a preliminary injunction. *See Stuhlbarg Int'l Sales*
2    *Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). Injunctive relief is "an
3    extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled
4    to such relief." *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 22 (2008). A plaintiff "must
5    establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the
6    absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is
7    in the public interest." *Id.* at 20. The court may "balance the elements" of this test, "so long as a
8    certain threshold showing is made on each factor." *Leiva-Perez v. Holder*, 640 F.3d 962, 966 (9th
9    Cir. 2011) (per curiam). Thus, for example, "serious questions going to the merits and a balance
10   of hardships that tips sharply towards the plaintiff can support issuance of a preliminary
11   injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and
12   that the injunction is in the public interest." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127,
13   1135 (9th Cir. 2011) (citation modified).
14       Based on the record before it, the Court cannot find that Mims is likely to succeed on the
15   merits or that he has presented serious questions. The basis for his claim is that Defendants'
16   refusal to grant his withdrawal request violates 26 C.F.R. § 1.401(k)-1(d)(3)(ii)(B)(4). ECF No. 9
17   at 8. Under that regulation, a distribution for "[p]ayments necessary to prevent the eviction of the
18   employee from the employee's principal residence" qualify for a distribution "made on account of
19   an immediate and heavy financial need." 26 C.F.R. § 1.401(k)-1(d)(3)(ii)(B)(4). However, "[a]
20   distribution is treated as necessary to satisfy an immediate and heavy financial need of an
21   employee only to the extent the amount of the distribution is not in excess of the amount required
22   to satisfy the financial need." 26 C.F.R. § 1.401(k)-1(d)(3)(iii). Mims breaks down his request for
23   $20,000 as follows: $10,500 in "[e]stimated rent arrears and disputed fees through July 31, 2025";
24   $4,000 in estimated legal fees "to prepare a defense to the threatened eviction or file a motion for
25   contempt in bankruptcy court"; and $5,500 for "first/last month's rent, security deposit, and
26   moving costs if forced to relocate." ECF No. 9 at 6–7. The last of these categories—costs
27   required if Mims has to move—cannot be categorized as payments necessary to prevent eviction.
28   Nor is it evident how filing a contempt motion in bankruptcy court would prevent eviction. Thus,

at a minimum, Mims's request to withdraw funds was overbroad.

Moreover, as the Court noted in its order denying Mims's first motion for a temporary restraining order, it is not

> clear that Mims's landlord would allow him to stay in his unit even if he were to pay all charges due—i.e., that the funds Mims requested are for "[p]ayments necessary to prevent [his] eviction." 26 C.F.R. § 1.401(k)-1(d)(3)(ii)(B)(4); *see* ECF No. 4 at 18–19 (letter from landlord to Mims describing Mims as an "unauthorized occupant" following the death of his mother, who was the legal tenant of the unit; providing reasons other than failure to pay rent and for damages, including "unacceptable" past behavior, "[s]ubstantial property damage," and that Mims is "not an authorized tenant," as reasons for the eviction; and offering until July 31, 2025, to allow Mims time to relocate).

ECF No. 8 at 2. Mims has now filed a state court order from 2016 naming both him and Akenduca Beasley as defendants in an unlawful detainer action, ECF No. 9-3 at 70–73, but he has presented no evidence that his name is on the lease or that he is currently otherwise authorized to remain in the unit.[1] He also fails to present any evidence that he would avoid eviction by paying the back rent and damages fees due. Accordingly, the Court concludes that Mims has failed to make the requisite showing of likelihood of success, or even serious questions, on the merits. His renewed motion for a temporary restraining order is therefore denied.

The Court reminds Mims that, on or before August 8, 2025, he must file a statement with the Court if he seeks to proceed with this lawsuit now that he has been denied a temporary restraining order. ECF No. 8 at 3. As the Court previously advised, "If Mims fails to file a statement by that date, the Court will dismiss this case without prejudice." *Id.*

**IT IS SO ORDERED.**

Dated: July 25, 2025

 _____
 JON S. TIGAR
 United States District Judge

---

[1] Nor is it clear whether Beasley was the only person who appeared on the lease as of the date of the 2016 order, or whether Beasley is Mims's deceased mother.

3