UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SATCHIDANANDA MIMS,<br><br>Plaintiff,<br><br>v.<br><br>FEDEX CORPORATION, et al.,<br><br>Defendants. | Case No. 25-cv-05722-JST<br><br>**ORDER TRANSFERRING CASE**<br><br>Re: ECF Nos. 14, 17 |

Plaintiff Satchidananda Mims, a participant in the FedEx Corporation Retirement Savings Plan ("Plan"), contends that Defendants FedEx Corporation and the Vanguard Group, Inc. violated the Employee Retirement Income Security Act of 1974 ("ERISA") when they improperly denied his request for a hardship withdrawal. FedEx has moved to dismiss for failure to state a claim or to dismiss or transfer for improper venue. ECF No. 14. Vanguard has moved to dismiss both for failure to state a claim and for improper venue. ECF No. 17. The Court finds these motions suitable for resolution without oral argument, *see* Fed. R. Civ. P. 78(b); Civil L.R. 7-1(b), and will transfer this case without reaching the parties' remaining arguments.

The Plan contains the following venue provision:

> The parties shall submit to the jurisdiction of the United States District Court for the Western District of Tennessee for adjudication of all disputes arising under the Plan. All Claimants consent to the personal jurisdiction of the United States District Court for the Western District of Tennessee and waive any objection that such venue is inconvenient or improper.

ECF No. 14-2 at 16. Mims does not contest that this provision applies to his claims, or that it requires suit to be brought in the United States District Court for the Western District of Tennessee. However, he argues that the provision should not be enforced in light of ERISA's broader venue provision, which states that a case "may be brought in the district where the plan is

1   administered, where the breach took place, or where a defendant resides or may be found." 29

2   U.S.C. § 1132(e)(2).

3       The Ninth Circuit has already considered and rejected that argument, concluding that

4   "Congress's use of [the] permissive 'may' [in Section 1132(e)(2)] is instructive.  It chose to open

5   three venues for suit, but not to require them." *In re Becker*, 993 F.3d 731, 732–33 (9th Cir.

6   2021).  The court explained:

7   > Among the Employee Retirement Income Security Act's (ERISA)
8   > many goals is to provide "ready access to the Federal courts."
9   > 29 U.S.C. § 1001(b).  But ready access does not mean parties cannot
    > agree to litigate in a specific forum in advance.  And here the parties
    > did just that:  Plaintiff Yvonne Becker and Wells Fargo chose to
10  > have their disputes heard in Minnesota federal court.  The district
    > court, therefore, did not err in transferring this case to that forum
11  > and we deny Becker's petition for a writ of mandamus to cancel that
    > transfer order.

12  *Id.* at 732.  "ERISA does not bar forum selection clauses," *id.* at 733, and Mims's only argument

13  against transfer is therefore not persuasive.

14      Accordingly, the Court grants FedEx's motion to transfer this case to the United States

15  District Court for the Western District of Tennessee.  The Court makes no determination on the

16  parties' remaining arguments, which it leaves to the transferee court to decide.  The Clerk shall

17  close the file.

18  **IT IS SO ORDERED.**

19  Dated: October 6, 2025

20  _____
21  JON S. TIGAR
    United States District Judge

2